# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TYLER CRADDOCK, | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| KYOWA AMERICA CORP. | ] |
| **Defendant.** | ] |

## COMPLAINT

Comes now the Plaintiff, TYLER CRADDOCK, by and through counsel and for cause of action will respectfully show to the Court as follows:

## NATURE OF SUIT

1. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff the required minimum wage rate under the FLSA and at time and one-half her regular rate of pay for all hours worked within a workweek in excess of forty hours. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks

payment for unpaid overtime work and liquidated damages that he was deprived of due to Defendant's violations of the Fair Labor Standards Act.

## JURISDICTION and VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

4. The acts complained of took place in Portland, Sumner County, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, Tyler Craddock, is a former employee of Kyowa America Corp. ("Defendant Employer").

6. Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

7. The Defendant, Kyowa America Corp., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

9. Defendant has done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

10. The Plaintiff is engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of her employ with Defendant.

## FACTUAL ALLEGATIONS

11. Plaintiff was hired by Defendant Employer as a "paint production engineer."

12. Plaintiffs was paid a salary of $1,080.77 per week for work performed.

13. Plaintiff was treated as an exempt salaried employee.

14. Although Plaintiff holds the credentials of an engineer, at all times relevant, Plaintiff performed the duties of a paint mixer.

15. Defendant classifies paint mixers as non-exempt hourly employees.

16. The primary duties performed by Plaintiff, on a day-to-day basis throughout his employment, consisted of mixing paint.

17. Plaintiff worked side-by-side with paint mixers performing the same exact duties as paint mixers.

18. Plaintiff did not perform any additional duties to set him apart from a paint mixer.

19. Plaintiff's duties merely consisted of routine mental, manual, mechanical or physical work.

20. Plaintiff's duties did not consist of work predominantly intellectual in character.

21. Plaintiff's duties did not include the consistent exercise of discretion and judgment.

22. The duties performed by Plaintiff did not require advanced knowledge in a field of science.

23. Plaintiff did not supervise any other employees.

24. Plaintiff did not have the authority to hire other employees.

25. Plaintiff did not have the authority to terminate the employment of other employees.

26. Plaintiff did not have the authority to delegate any of his duties to other employees.

27. Plaintiff did not have the authority to handle any employee grievances or complaints.

28. Plaintiff did not have the authority to interpret, implement, or enforce company policies.

29. Plaintiff did not make more than $100,000.00 annually.

30. Plaintiff's job did not involve the exercise of discretion and independent judgment with respect to matters of significance.

31. Plaintiff did not perform any work which affected the business operation to a substantial degree of Defendant.

32. Plaintiff was not allowed to make any decision regarding monies collected or spent on behalf of Defendant.

33. Plaintiff did not have any authority to bind the company contractually with any party.

34. Plaintiff's job duties did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

35. Plaintiff's job duties did not require invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

36. Plaintiff, in short, was a non-exempt employee.

37. Plaintiff routinely worked over forty (40) hours per week.

38. Plaintiff was not paid an additional overtime wage for hours worked in excess of forty (40) hours in one work week.

39. Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

40. The Defendant willfully failed to comply with the maximum hour provisions of the

Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the overtime hours worked by the Plaintiff.

41. Defendant knows the FLSA is applicable to its employment practices yet still failed to pay proper overtime wages to Plaintiff.

42. The Defendant had knowledge Plaintiff was improperly classified as exempt yet failed to pay him the proper rate for all overtime hours worked.

43. Accordingly, Defendant's pattern or practice of failing to pay Plaintiff in accordance with the FLSA was and is in willful violation of the FLSA.

44. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

## **COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

45. Plaintiff hereby re-allege paragraphs 1 through 44 as though fully set forth herein.

46. Defendant willfully failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time he worked for Defendant.

47. Defendant further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 U.S.C. §216(b).

48. Defendant, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(3) all amounts of wages, including overtime, earned by Plaintiff;

(4) attorney fees, interest and costs; and

(5) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ G. BRANDON HALL**
**JONATHAN A. STREET, BPR No. 021712**
**G. BRANDON HALL, BPR No. 034027**
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632

*Attorneys for Plaintiff*